1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  NICHOLAS QUEEN, | )  Case No.: 1:15-cv-00413-JLT |
| 12              Petitioner, | )  **ORDER GRANTING RESPONDENT'S MOTION** |
| | )  **TO DISMISS (Doc. 21)** |
| 13      v. | ) |
| 14  A. MATEVOUSIAN, | )  **ORDER DISMISSING PETITION FOR WRIT OF** |
| | )  **HABEAS CORPUS (Doc. 1)** |
| 15              Respondent. | ) |
| 16 | )  **ORDER DIRECTING CLERK OF COURT TO** |
| | )  **ENTER JUDGMENT AND CLOSE FILE** |
| 17 | ) |
| | )  **ORDER DECLINING TO ISSUE CERTIFICATE** |
| 18 | )  **OF APPEALABILITY** |
| 19 | ) |
| | )  **ORDER DENYING ALL PENDING MOTIONS AS** |
| 20 | )  **MOOT (Docs. 15, 18, 19)** |

21          In his motion to dismiss, Respondent argues the sole cognizable claim in this petition is

22  unexhausted and that Petitioner was required to present the remaining claim to the sentencing court.

23  The Court agrees and **DISMISSES** the petition.

24  **I.      PROCEDURAL HISTORY**

25          On August 16, 2015, Respondent filed the instant motion to dismiss the petition, contending

26  that Petitioner's claim of actual innocence was insufficient to avail him of the "escape hatch"

27  provision of 28 U.S.C. § 2241 and thus, Petitioner's claim should have been raised in a petition

28  pursuant to 28 U.S.C. § 2255 in the sentencing court.  (Doc. 21).  Respondent alleges that Petitioner's

1

1  claim of lost legal files is unexhausted.  Petitioner filed his opposition to the motion to dismiss on

2  August 24, 2015.  (Doc. 23).

3                                              **DISCUSSION**

4        A.  Procedural Grounds For A Motion to Dismiss.

5        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

6  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

7  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

8        The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if

9  the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's

10  procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

11  evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d

12  599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

13  procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus,

14  a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use

15  Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

16        In this case, Respondent's Motion to Dismiss is based on Respondent's contention that

17  Petitioner has never completed the administrative appeals process as to one of his claims and that the

18  other claim should have been raised in the sentencing court.  Accordingly, the Court will review

19  Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  O'Bremski, 915 F.2d at 420.

20        B.  Lack Of Habeas Jurisdiction.

21        Writ of habeas corpus relief extends to a person in custody under the authority of the United

22  States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

23  constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

24  § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

25  bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Capaldi v. Pontesso, 135

26  F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley

27  v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94

28  (6th Cir. 1991);  Barden v. Keohane, 921 F.2d476, 478-79 (3rd Cir. 1991);  United States v. Hutchings,

835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. <u>Id</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); <u>Holland v. Pontesso</u>, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

In <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent, but procedurally barred from filing a second or successive motion under § 2255. <u>Ivy</u>, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." <u>Id</u>. at 1060. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

<u>Id</u>. at 1060 (emphasis supplied).

Although the United States Supreme Court has not provided much guidance regarding the

nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity.  E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The "core idea" expressed in these cases is that the petitioner may have been imprisoned for conduct that was not prohibited by law.  Reyes-Requena, 243 F.3d at 903.  Such a situation is most likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is so because a second or successive § 2255 motion is available only when newly discovered evidence is shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id. (emphasis supplied).  Because § 2255 limits a second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it provides no avenue through which a petitioner could rely on an intervening Court decision based on the substantive reach of a federal statute under which he has been convicted.  Id.; see Lorentsen, 223 F.3d at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory claims."); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)("The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to constitutional claims.").  Obviously, "decisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620.  To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

In this case, Petitioner contends that recently discovered evidence demonstrates that he is actually innocent of the bank robbery conviction because the bank he was found to have robbed was not federally insured, and thus not within the ambit of the criminal statute under which he was

1   convicted.[1]  Petitioner also contends that he has not had an unobstructed procedural shot at raising this

2   claim because the BOP lost his legal files, thus impairing his ability to seek permission from the

3   appropriate circuit court to file a successive petition under § 2255 raising this issue.  The Court agrees

4   with Respondent that these claims are without merit.

5         First, as Respondent observes, the Federal Deposit Insurance Corporation letter Petitioner

6   attached to his petition, categorically states that the entirety of Provident Bank in Baltimore,

7   Maryland—regardless of the location of the Bank's individual branches—was FDIC-insured on the

8   date Petitioner committed the robbery.  Also, as Respondent notes, Petitioner has never denied robbing

9   a branch of Provident Bank on that date.  Rather, Petitioner apparently argues that the prosecution

10   used the wrong address, i.e., 5426 Harford Road, rather than 8200 Harford Road, and thus he is

11   "actually innocent;" Petitioner is mistaken.

12         The jury convicted Petitioner of robbing a Provident Bank branch on the date specified, a fact

13   Petitioner has not denied.  Because FDIC insurance was an element of the offense under § 2213, the

14   jury's guilty verdict necessarily implied a finding that the branch Petitioner robbed was federally

15   insured on the date of the crime.  While Petitioner may believe that the proper address of the bank was

16   5426 Harford Road, the FDIC disagrees.  Since the letter establishes that Provident Bank—no matter

17   the location of any particular branch of the Bank—in Baltimore was FDIC-insured on the date

18   Petitioner robbed it, Petitioner necessarily robbed an FDIC-insured "institution" within the meaning of

19   § 2113.  The fact that a discrepancy may now exist between the original charging document and the

20   proof at trial does not make Petitioner actually innocent within the meaning of the escape hatch.  It

21   only means that there is a technical proof issue, or perhaps even a jury instruction issue, that could

22   have been raised and addressed in Petitioner's direct appeal.

23         Such a discrepancy does not show actual innocence; rather, it only raises the possibility of

24   technical, legal innocence.  The cases are clear that such technical, legal innocence is not a basis for an

25   inmate to avail himself of the escape hatch.  E.g., Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir.

26   2012)("'Actual innocence' means factual innocence, not mere legal insufficiency.")  Thus, the escape

27

28

---

[1] Title 18 U.S.C. § 2113(a) makes robbing a bank a crime.  In subsection (f), the term "bank" is defined as, inter alia, "any
institution the deposits of which are insured by the Federal Deposit Insurance Corporation."

1  hatch of § 2241 does not apply and only the sentencing court may consider the issue.

2        C. <u>Lack of Exhaustion</u>.

3        Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

4  circumstance of imprisonment must first exhaust all administrative remedies.  <u>Martinez v. Roberts</u>,

5  804 F.2d 570, 571 (9th Cir. 1986); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir.

6  1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners

7  exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a

8  statutory requirement.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion

9  is not required by statute, it is not jurisdictional." <u>Id</u>.  If Petitioner has not properly exhausted his

10  claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the

11  merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

12        If the petitioner did not properly exhaust his administrative remedies, and such remedies are no

13  longer available, he may have procedurally defaulted on his claims.  <u>See</u> <u>Francis v. Rison</u>, 894 F.2d

14  353, 354-55 (9th Cir.1990) (applying procedural default rules to administrative appeals); <u>see generally</u>

15  <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 86-87 (1977); <u>Tacho</u>

16  <u>v. Martinez</u>, 862 F.2d 1376, 1378 (9th Cir.1988).  If a claim is procedurally defaulted, the court may

17  require the petitioner to demonstrate cause for the procedural default and actual prejudice from the

18  alleged constitutional violation.  <u>See Francis</u>, 894 F.2d at 355 (suggesting that the cause and prejudice

19  test is the appropriate test); <u>Murray</u>, 477 U.S. at 492 (cause and prejudice test applied to procedural

20  defaults on appeal); <u>Hughes v. Idaho State Bd. of Corr.</u>, 800 F.2d 905, 906-08 (9th Cir.1986) (cause

21  and prejudice test applied to pro se litigants).

22        Here, Respondent has submitted documents that establish that Petitioner did not initiate any

23  administrative remedy beyond the first level of review.  (Doc. 22, p. 2).  Put another way, giving

24  Petitioner the benefit of the doubt that his one administrative appeal pertained to this case, Petitioner

25  completed only the first level of three available levels of review regarding his claim about lost legal

26  files.  Accordingly, the claim is unexhausted and, to the extent that it purports to be a free-standing

27  habeas claim, the Court dismisses it for lack of exhaustion.

28        To the extent that Petitioner is seeking to use the loss of his legal files as a justification for not

filing a § 2255 petition, that argument also fails.  As Respondent points out, in 2007 Petitioner filed a tort claim at a different BOP facility seeking $400,000 damages for lost legal materials, which he claimed had prevented him from filing a claim unrelated to this case. (Doc. 22, p. 2).  Thus, he was aware that he could file a claim for lost legal materials related to this case, but did not.  Moreover, it does not appear that the single administrative appeal Petitioner filed actually related to this case since, as the evidence indicates, it was filed seven months before Petitioner relocation.  (Id.).  In short, Petitioner has not established either that the loss of his legal files was due to BOP malfeasance or that the loss of such files prevented him from timely filing a § 2255 petition. Accordingly, it affords Petitioner no basis for asserting that he has not had an unobstructed procedural shot at raising his claim regarding FDIC insurance of the bank he robbed.  For all of these reasons, the Court will grant Respondent's motion to dismiss and dismiss the petition for writ of habeas corpus.

Moreover, the Court declines to issue a certificate of appealability.  A successive petition under 28 U.S.C. § 2255 that is disguised as a § 2241 petition required a certificate of appealability.  Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When a court denies a petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

## ORDER

For the foregoing reasons, the Court ORDERS:

1.      Respondent's motion to dismiss (Doc. 21), is **GRANTED**;

2.      The petition for writ of habeas corpus (Doc. 1), is **DISMISSED**;

3.      The Clerk of the Court is **DIRECTED** to enter judgment and close the file;

4.      The Court **DECLINES** to issue a certificate of appealability.

5.      All pending motions (Docs. 15, 18, and 19) are **DENIED** as **MOOT**.


IT IS SO ORDERED.

Dated:   **November 12, 2015**                    **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE