UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS QUEEN,<br><br>        Petitioner,<br><br>    v.<br><br>A. MATEVOUSIAN, Warden,<br><br>        Respondent. | Case No.: 1:15-cv-00413-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 26) |

On November 13, 2015, the Court granted Respondent's motion to dismiss and entered judgment accordingly. (Doc. 24). The Court found merit in Respondent's argument that it lacked habeas jurisdiction and found that Petitioner's challenge to his conviction and sentence should have been raised in the trial court pursuant to 28 U.S.C. § 2255 and that Petitioner had failed to make a showing of "actual innocence" sufficient to entitle him to use federal habeas corpus to challenge his conviction. (Doc. 21). Here, Petitioner seeks reconsideration. (Doc. 26). Because Petitioner has failed to demonstrate an adequate basis for reconsideration, the motion is **DENIED.**

1. **DISCUSSION**

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

1

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet the requirements for granting a motion for reconsideration. He has not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown the existence of newly discovered evidence or fraud. He has not shown that the judgment is void or satisfied, and, finally, Petitioner has not presented any other justification that would support his request for relief from judgment. Most important, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Instead, Petitioner has essentially argued that the Court erred in its legal conclusions regarding Petitioner's claim of actual innocence.[1] Those arguments were raised previously in these proceedings and rejected by the Court. Petitioner also contends that a new ruling by the Ninth Circuit does not require exhaustion. However, the Court's decision to dismiss the petition was based on the fact that Petitioner is not entitled to proceed under section 2241 via the "escape hatch" it provides, not because of lack of exhaustion.

---

[1] Petitioner also argues that the Court misapplied Rule 4 of the Rules Governing Section 2254 Cases, since his case was filed under section 2255, and that he should have been given an opportunity to argue for issuance of a certificate of appealability. Rule 4 was cited only in reference to the Court's procedural authority to address a respondent's motion to dismiss. Petitioner does not cite, and the Court is unaware of, any authority precluding it from entertaining a motion to dismiss under the circumstances of this case. Nor does Petitioner cite any authority requiring the Court to afford Petitioner a chance to argue for issuance of a certificate of appealability. The Court carefully reviews and considers each case before ruling on issuance of such a certificate. Petitioner has no legal entitlement to argument before the Court issues a ruling.

Finally, Petitioner contends that the Court failed to rule on his motion to supplement the petition. (Doc. 18). Petitioner is mistaken. The Court's order granting the motion to dismiss also <u>denied</u> all pending motions as moot, including Petitioner's motion to supplement. The Court notes, however, that it did review Petitioner's supplement and considered it before ruling on the motion to dismiss. Hence, Petitioner's argument lacks legal merit.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

## **ORDER**

Accordingly, Petitioner's motion for reconsideration (Doc. 26), is **DENIED.**

IT IS SO ORDERED.

Dated:   **December 4, 2015**                    **/s/ Jennifer L. Thurston**
                                                         UNITED STATES MAGISTRATE JUDGE