UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS QUEEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>A. MATEVOUSIAN, Warden,<br><br>　　　　Respondent. | Case No.: 1:15-cv-00413-JLT<br><br>ORDER DENYING PETITIONER'S SECOND AND THIRD MOTIONS FOR RECONSIDERATION (DocS. 31 & 34)<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO AMEND SECOND MOTION FOR RECONSIDERATION (Docs. 32; 33) |

　　In this matter, Respondent filed a motion to dismiss the petition for lack of habeas jurisdiction, contending that Petitioner's challenge to his conviction and sentence should have been raised pursuant to 28 U.S.C. § 2255 and that Petitioner had failed to make a showing of "actual innocence" sufficient to entitle him to use federal habeas corpus to challenge his conviction. (Doc. 21).

　　On November 13, 2015, the Magistrate Judge entered its order granting Respondent's motion to dismiss and entered judgment accordingly. (Doc. 24). On November 30, 2015, Petitioner filed his first motion for reconsideration. (Doc. 26). On December 4, 2015, the Court denied the motion for reconsideration because Petitioner had failed to meet any of the requirements of Rule 60. (Doc. 30).

　　Petitioner has now filed a series of motions, including two motions for reconsideration and two motions to amend (Docs. 31, 32, 33 & 34), each, in its own way, contending that the requirements of Rule 60 had been met because the Court misunderstood Petitioner's claim and erred as a matter of law. For the reasons set forth below, the Court disagrees and **DENIES** the motions for reconsideration.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Instead, Petitioner has essentially argued, as he did in the original motion for reconsideration, that the Court erred in its legal conclusions regarding Petitioner's claim of actual innocence. Petitioner contends that the Court granted the motion to dismiss on the grounds that a "discrepancy exist [sic] between the original charging document and the proof at trial." (Doc. 34, p. 1). Petitioner is incorrect. The Court granted Respondent's motion to dismiss because Respondent established that Petitioner

robbed a branch of the Provident bank at a time when all branches of said bank were federal insured, effectively rebutting Petitioner's primary claim in the instant petition. (Doc. 24, p. 5). The Court then went on to discuss the point that any discrepancy between the charging document and the proof at trial did not establish actual innocent sufficient to avail Petitioner of the "savings clause." (Id.). Petitioner has not shown "mistake" sufficient to warrant the Court granting a request for reconsideration. Nor has Petitioner shown any new facts or evidence to justify reconsideration.

In sum, Petitioner provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his second and third motions for reconsideration must be denied.

## ORDER

Accordingly, the Court ORDERS:

1. Petitioner's second and third motions for reconsideration (Docs. 31 & 34), are **DENIED**.
2. Petitioner's motions to amend the second motion for reconsideration (Docs. 32; 33), are **GRANTED**.

IT IS SO ORDERED.

Dated:   **January 11, 2016**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE