# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS QUEEN, <br><br>        Petitioner, <br><br>   v. <br><br> A. MATEVOUSIAN, <br><br>        Respondent. | Case No.: 1:15-cv-00413-JLT <br><br> ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION (Doc. 37) <br><br> ORDER DENYING MOTION TO SUPPLEMENT SECOND MOTION FOR RECONSIDERATION (Doc. 36) |

On November 13, 2015, the Court entered its order granting Respondent's motion to dismiss and entered judgment accordingly. (Doc. 24). On November 30, 2015, Petitioner filed his first motion for reconsideration. (Doc. 26). On December 4, 2015, the Court denied the motion for reconsideration because Petitioner had failed to meet any of the requirements of Rule 60. (Doc. 30).

Apparently not content to appeal the Court's decision, Petitioner then filed a series of motions, including two motions for reconsideration and two motions to amend (Docs. 31, 32, 33 & 34), each, in its own way, contending that the requirements of Rule 60 had been met because the Court misunderstood Petitioner's claim and erred as a matter of law. On January 11, 2016, the Court denied those motions. (Doc. 36). The following day, Petitioner filed a motion to supplement the second motion for reconsideration with transcripts and other documents. (Doc. 36). On June 24, 2016, Petitioner filed a motion for leave to amend the petition to allege actual innocence. (Doc. 37). For the reasons set forth below, the Court will deny both motions.

## DISCUSSION

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Here, Respondent has not only filed the response, in the form of a motion to dismiss, but the Court ruled on the motion, granted it, dismissed the petition, and entered judgment on November 13, 2015.  Thereafter, Petitioner filed various motions to have the Court reconsider the dismissal.   Now, over eight months later, Petitioner, rather than appealing to the Ninth Circuit, is still requesting a second bite, actually a third or fourth bite, at the apple from this Court.

Petitioner does not cite, and the Court is unaware, of any authority permitting an amendment to a petition that has already been dismissed, where judgment has been entered and the case closed and where the case remains closed.  The Court has twice declined to do that and Petitioner does not request it a third time.  Accordingly, there is no basis upon which to permit any amendments.

Regarding the motion to supplement, there is nothing the Court can conceive in the proposed transcripts and other documents that would alter the Court's legal analysis that resulted in the denial of the first and second motions for reconsideration.  Accordingly, that motion will be denied as well.

## ORDER

Accordingly, the Court **ORDERS**:

1. Petitioner's motion to amend the petition (Doc. 37), is **DENIED**; and,
2. Petitioner's motion to supplement the second motion for reconsideration (Doc. 36), is **DENIED**.

**No further filings will be accepted in this closed case.**

IT IS SO ORDERED.

Dated:   **July 25, 2016**            /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE